Donald A. Robinson
Keith J. Miller
ROBINSON WETTRE & MILLER LLC
2 Penn Plaza East, 11th Floor
Newark, NJ 07105
(973) 690-5400

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Plaintiffs
Wyeth and Cordis Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYETH<br><br>and<br><br>CORDIS CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC.,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>*Document Filed Electronically* |

Plaintiffs Wyeth and Cordis Corporation (collectively "Plaintiffs"), by their attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Wyeth, Five Giralda Farms, Madison, New Jersey is a Delaware Corporation with a place of business in Madison, New Jersey. Wyeth is a global leader in developing pharmaceutical drugs and treatments, and has developed and continues to develop innovative treatments across a wide range of therapeutic areas.

2. Plaintiff Cordis Corporation ("Cordis"), 33 Technology Drive, Warren, New Jersey, is a Florida corporation with a principal place of business in Warren, New Jersey. Cordis also has facilities in Clark, New Jersey. Cordis is a pioneer in developing invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

3. Upon information and belief, Defendant Abbott Laboratories, 100 Abbott Park Road, North Chicago, IL 60064, is an Illinois corporation with a principal place of business in Illinois. Upon information and belief, Defendant Abbott Cardiovascular Systems, Inc. is a corporation organized under the laws of the State of California and has a principal place of business at 3200 Lakeside Drive, Santa Clara, California. Upon information and belief, Abbott Cardiovascular Systems is a subsidiary of Abbott Laboratories. Abbott Laboratories and Abbott Cardiovascular Systems, Inc. will be collectively referred to herein as "Abbott."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Abbott. On information and belief, Abbott has systematic and continuous contacts in this judicial District, regularly transacts business within this judicial District, and regularly avails itself of the benefits of this judicial

District.  For example, Abbott is registered to do business in New Jersey, and has facilities located in this District, including in East Windsor, Cranbury, South Brunswick, Edison, Whippany, and Parsippany, New Jersey.  On information and belief, Abbott also has numerous employees in this District, derives substantial revenues from its business operations and sales in this district, and pays taxes in New Jersey based on revenue generated in this District.  On information and belief, Abbott also sells and distributes medical devices in this District, including vascular devices.

      6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

      7.      Abbott is the manufacturer of a drug-eluting stent named XIENCE V Everolimus Eluting Coronary Stent System ("XIENCE V stent").  Abbott has manufactured thousands of XIENCE V products in the United States for sale in Europe and Asia.  Abbott launched the XIENCE V stent in Europe and the Asia Pacific regions in 2006.

      8.      On May 12, 1994, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,516,781, entitled "Method of Treating Restenosis with Rapamycin" (the "'781 patent").  The '781 patent issued to Morris et al.  Wyeth is the owner of the '781 patent.  Wyeth has granted Cordis an exclusive license to practice the '781 patent in the field of percutaneous transluminal procedures in humans.

      9.      On October 8, 1996, the USPTO duly and legally issued United States Patent No. 5,563,146, entitled "Method of Treating Hyperproliferative Vascular Disease" (the "'146 patent").  The '146 patent issued to Morris et al.  Wyeth is the owner of the '146 patent.

Wyeth has granted Cordis an exclusive license to practice the '146 patent in the field of percutaneous transluminal procedures in humans.

10. On September 9, 1997, the USPTO duly and legally issued United States Patent No. 5,665,728, entitled "Method of Treating Hyperproliferative Vascular Disease" (the "'728 patent"). The '728 patent issued to Morris et al. Wyeth is the owner of the '728 patent. Wyeth has granted Cordis an exclusive license to practice the '728 patent in the field of percutaneous transluminal procedures in humans.

11. Abbott has been and is infringing the claims of the '781, '146, and '728 patents, including but not limited to making and/or using the XIENCE V stent in the United States for sale in Europe and Asia for use by physicians in coronary angioplasty procedures.

12. At present, there are only two companies marketing drug-eluting stents in the United States – Cordis and Boston Scientific Corporation. Abbott has publicly announced that it has sought approval from the United States Food and Drug Administration to sell the XIENCE V stent in the United States. Abbott has also publicly announced that, assuming it receives regulatory approval, it plans to launch the XIENCE V stent in the United States in the first half of 2008. Upon its launch in the United States, the XIENCE V stent will compete directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis.

### COUNT I: INFRINGEMENT OF THE '781 PATENT

13. Plaintiffs reallege paragraphs 1-12 above as if fully set forth herein.

14. Abbott is directly infringing, contributorily infringing, and/or inducing infringement of the '781 patent in violation of 35 U.S.C. § 271, by, including but not limited to,

4

making and/or using the XIENCE V stent in the United States for sale in Europe and Asia for use by physicians in coronary angioplasty procedures.

15. Abbott had and has actual notice of the '781 patent, and is infringing the '781 patent with knowledge of Cordis's patent rights.  Abbott's actions are willful and deliberate.

### COUNT II:  INFRINGEMENT OF THE '146 PATENT

16. Plaintiffs reallege paragraphs 1-12 above as if fully set forth herein.

17. Abbott is directly infringing, contributorily infringing, and/or inducing infringement of the '146 patent in violation of 35 U.S.C. § 271, by, including but not limited to, making and/or using the XIENCE V stent in the United States for sale in Europe and Asia for use by physicians in coronary angioplasty procedures.

18. Abbott had and has actual notice of the '146 patent, and is infringing the '781 patent with knowledge of Cordis's patent rights.  Abbott's actions are willful and deliberate.

### COUNT III:  INFRINGEMENT OF THE '728 PATENT

19. Plaintiffs reallege paragraphs 1-12 above as if fully set forth herein.

20. Abbott is directly infringing, contributorily infringing, and/or inducing infringement of the '728 patent in violation of 35 U.S.C. § 271, by, including but not limited to, making and/or using the XIENCE V stent in the United States for sale in Europe and Asia for use by physicians in coronary angioplasty procedures.

21. Abbott had and has actual notice of the '728 patent, and is infringing the '728 patent with knowledge of Cordis's patent rights.  Abbott's actions are willful and deliberate.

### PRAYER FOR RELIEF

WHEREFORE, Cordis prays for the following relief against Abbott:

1. For judgment in favor of Plaintiffs that Abbott is directly infringing, contributorily infringing, and/or inducing infringement of the '781, '146, and '728 patents;

2. For a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 prohibiting Abbott from making, using, selling, or offering for sale the infringing products in the United States;

3. For an award of damages for Abbott's infringement of the '781, '146, and '728 patents, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

4. For a determination that Abbott's infringement is willful, and an award of treble the amount of damages and losses sustained by Plaintiffs as a result of Abbott's infringement, under 35 U.S.C. § 284;

5. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees; and

6. For such other and further relief in law or in equity to which Plaintiffs may be justly entitled.

**DEMAND FOR JURY TRIAL**

    Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

Dated: January 11, 2008.	By:
        *s/Donald A. Robinson*_____
        Donald A. Robinson
        Keith J. Miller
        ROBINSON WETTRE & MILLER LLC
        2 Penn Plaza East, 11th Floor
        Newark, NJ 07105
        (973) 690-5400
            -and-

        David T. Pritikin
        William H. Baumgartner, Jr.
        Russell E. Cass
        SIDLEY AUSTIN LLP
        One South Dearborn Street
        Chicago, Illinois 60603
        Telephone: (312) 853-7000

    ATTORNEYS FOR PLAINTIFFS WYETH
    AND CORDIS CORPORATION

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is related to the following actions presently pending before this Court:

Cordis Corporation v. Abbott Laboratories
Civil Action No. 07-2265 (JAP)

Cordis Corporation v. Abbott Laboratories
Civil Action No. 07-2477 (JAP)

Cordis Corporation v. Abbott Laboratories
Civil Action No. 07-2728 (JAP)

Cordis Corporation v. Abbott Laboratories
Civil Action No. 07-5636 (JAP)

Dated:  January 11, 2008.                                By:

    *s/Donald A. Robinson*_____
    Donald A. Robinson
    Keith J. Miller
    ROBINSON WETTRE & MILLER LLC
    2 Penn Plaza East, 11th Floor
    Newark, NJ 07105
    (973) 690-5400
        -and-

    David T. Pritikin
    William H. Baumgartner, Jr.
    Russell E. Cass
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, Illinois 60603
    Telephone: (312) 853-7000

    ATTORNEYS FOR PLAINTIFFS WYETH
    AND CORDIS CORPORATION