Donald A. Robinson
Keith J. Miller
ROBINSON WETTRE & MILLER LLC
2 Penn Plaza East, 11th Floor
Newark, NJ 07105
(973) 690-5400

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Plaintiffs
Wyeth and Cordis Corporation

RECEIVED

JUN 1 9 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYETH<br><br>and<br><br>CORDIS CORPORATION<br><br>      Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC.<br><br>and<br><br>BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>      Defendants. | Civil Action No. 3:08-CV-00230-JAP-TJB<br><br>**PRETRIAL SCHEDULING ORDER**<br>*Document Filed Electronically* |

    This matter having come before the Court during an initial conference, pursuant to Fed. R. Civ. P. 16; and the Court having considered the positions of the parties; and good cause having been shown,

IT IS on this _18_ day of _July_, 2008,

ORDERED THAT:

1. Initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1), will be made on July 25, 2008.

2. Any motion to join new parties, whether by amended or third-party complaint, must be filed no later than January ~~26~~ 23, 2009 and made returnable on February ~~24~~ 17, 2009.

3. Any motion to amend the pleadings must be filed no later than January ~~26~~ 23, 2009 and made returnable on February ~~24~~ 17, 2009.

4. The Court shall conduct a ~~in-person~~ telephonic discovery status conference on _October 20, 2008 at 3PM_. No motions to compel or motions for protective order shall be filed absent approval of the court. _Plaintiff shall initiate the call._

5. The parties will have until May 4, 2009, to conclude all fact discovery in this matter. No discovery will issue beyond that date, except upon motion and for good cause shown.

   a. Document production shall be completed no later than January 14, 2009;

   b. In accordance with Fed. R. Civ. P. 33 the parties shall be limited to twenty-five (25) interrogatories (including all subparts) per party to any other party, except upon leave of Court;

   c. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive;

   d. The parties shall be limited to a maximum of thirty (30) requests for admission by each party to any other party;

   e. The parties shall be limited to a maximum of 150 hours each for fact depositions by plaintiff(s) and by defendant(s);

   f. In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

6. Counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion. No discovery motion will be entertained absent counsel's full compliance with L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f).

7. Expert discovery shall be commenced in time to be completed by August 21, 2009.

8. Expert reports on issues for which the parties have the burden of proof shall be served no later than June 9, 2009.

9. Rebuttal expert reports shall be served no later than July 7, 2009.

10. No expert shall testify at the time of trial as to any opinions, nor base those opinions on facts, not substantially disclosed in any report as described in the preceding paragraphs.

11. Expert depositions, if any, may be conducted as late as within two weeks after the Final Pretrial Conference.

12. As a default, expert depositions are limited to 10 hours per deposition with the understanding that the parties will work together to extend the time for experts that cover more than one subject or where the parties feel they need additional time.

13. If willfulness has been asserted and absent agreement among the parties, the court will convene a telephone conference approximately two months before the close of fact discovery to discuss procedural and discovery matters pertaining to willfulness in light of recent changes in the law.

14. Supplementations under Fed. R. Civ. P. 26(e) are due March 20, 2009.

15. A settlement conference will be set at the time of the aforementioned ~~in person~~ *telephonic* discovery status conference. No later than seven days prior to the settlement conference, each party is to deliver to the Court a confidential letter, NOT to exceed 5 pages in total, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position of settlement. Trial counsel and clients with full settlement authority are to be present IN PERSON at the conference. Any failure in this regard shall result in the imposition of sanctions.

16. The parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms April 6, 2009. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 17 below.

17. Lawyers must identify during the claim construction phase of the case any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on September 4, 2009, with the claim chart separately docketed. The parties shall file simultaneous opening claim construction briefs on September 25, 2009. Simultaneous response briefs shall be filed no later than October 16, 2009. Issues of claim construction shall be considered by the court in conjunction with the parties' summary judgment motion(s). The

3

hearing on the claim construction and motion(s) for summary judgment will be heard on a date to be set by the court.

18. A final pretrial conference will be held before the undersigned on a date to be later set by the court.

19. At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone.

20. The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff no later than ten (10) days before the date of the pretrial conference to:

   a. discuss settlement;

   b. stipulate to as many facts and issues as possible;

   c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

   d. examine all exhibits and documents proposed to be used at trial;

   e. complete all other matters which may expedite both the pretrial and trial of the case;

   f. an original and one copy of the proposed Final Pretrial Order is to be submitted five (5) days in advance of the conference;

   g. appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed.

21. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order and must comply with L. Civ. R. 5.3.

22. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of the parties.

23. Since all dates set forth herein are established with the assistance and knowledge of

the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

24. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

25. The parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the parties. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Mark Morelli.

26. An original copy of any letter memoranda that is faxed or emailed to chambers should NOT be mailed to Chambers, unless specifically advised otherwise. All proposed orders and letter memoranda emailed to chambers should be in WordPerfect format and emailed to: tjb_orders@njd.uscourts.gov. Any letter may be faxed to (609) 989-0435. Any filings with the Clerk of the Court should be in PDF format.

27. Counsel MUST NOT file correspondence, including discovery or status letters, via CM/ECF unless instructed by the Court. Chambers will not receive notice of any such postings. If Counsel wish to have correspondence entered onto the Court docket, they may include this request in the correspondence to the undersigned.

28. Counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop and printer access, copier, and facsimile.

TONIANNE J. BONGIOVANNI,
United States Magistrate Judge

**ORDER ON ORAL MOTION**