R E C E I V E D

JUN 1 3 2011

NOT FOR PUBLICATION

AT 8:30 _____ M
WILLIAM T. WALSH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYETH, et al., | Civil Action No. 08-230 (JAP) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| ABBOTT LABORATORIES, et al., | |
| Defendants. | |
| WYETH, et al., | Civil Action No. 08-1021 (JAP) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| MEDTRONIC, INC., et al., | |
| Defendants. | |

This matter comes before the Court upon Plaintiffs' motions to enforce their subpoenas

*duces tecum* served on Third-Party Novartis Pharmaceuticals Corporation ("Novartis"). The

Court has fully reviewed and considered all of the papers submitted in support of and in

opposition to Plaintiffs' motions. The Court considers Plaintiffs' motions without oral argument

pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, consistent with this

Memorandum Opinion and the accompanying Order, Plaintiffs' motions to enforce are

GRANTED.

## I.     Background and Procedural History

This is a patent infringement case dealing with United States Patent Nos. 5,516,781 (the "'781 patent"), 5,563,146 (the "'146 patent") and 5,665,728 (the "'728 patent") (collectively, the "Morris patents" or the "patents-in-suit"). The Morris patents are directed to the use of rapamycin to treat the re-closure of coronary arteries, known as restenosis, following an angioplasty procedure. Plaintiffs sell a drug-eluting stent known as the CYPHER stent, which they claim is covered by the aforementioned patents. Plaintiffs claim that Defendants' use of the XIENCE stent (Abbott), PROMUS stent (Boston Scientific) and ENDEAVOR stent (Medtronic) infringes upon the patents-in-suit.

The current dispute involves Plaintiffs' efforts to enforce their subpoenas *duces tecum* served on Novartis on October 26, 2010 and November 10, 2010 respectively.[1] Novartis supplies the drug used by Defendants Abbott Laboratoreis and Abbott Cardiovascular Systems, Inc. (collectively "Abbott") on their allegedly infringing XIENCE stent. The drug is called everolimus. Specifically at issue is Novartis' refusal to provide any documents responsive to the following four document requests:

1.     All documents relating to the use of everolimus to treat restenosis.

2.     All documents relating to the use or possible use of everolimus on stents.

---

[1]The parties' dispute concerning Plaintiffs' subpoena for the deposition of Novartis employee, Margaret Prescott, is now moot.

2

3.  All documents constituting or relating to any
    communication or agreement with Abbott Laboratories,
    Guidant Corporation, or any of their respective affiliates
    concerning everolimus.

4.  All documents concerning everolimus that were shared
    with Abbott Laboratories, Guidant Corporation, or any of
    their respective affiliates.

(Ex. A, Attachment A to Certification of Justin Weiner, Esq.)

Plaintiffs seek to enforce their subpoenas and request the Court compel Novartis to

respond to the aforementioned document requests. Plaintiffs argue that the documents sought via

the aforementioned requests are relevant to proof of infringement for which Plaintiffs must show

that everolimus has anti-restenotic and immunosuppressive properties. Plaintiffs further argue

that Novartis has not established that complying with the subpoenas would be unduly

burdensome. Plaintiffs claim that Novartis's broad allegations of burden are insufficient and

note that Novartis made no estimates of how many documents are covered by the above-

referenced requests, how long it would take Novartis to compile and produce them or how much

it would cost. In addition, despite Novartis's claims to the contrary, Plaintiffs argue that they are

not seeking out the entire universe of everolimus related documents in Novartis's possession, but

only those related to the treatment of restenosis and the use of everolimus on stents.

With respect to the specific document requests, Plaintiffs argue that it is insufficient to

limit Novartis's production to documents that were shared with Abbott, Guidant Corporation or

any of their affiliates (collectively, "Abbott and Guidant"or "Abbott or Guidant"). Plaintiffs

claim that such a limitation is not appropriate because other documents may be relevant to this

case. For example, Plaintiffs argue that Novartis's own research efforts with respect to

3

everolimus may establish that everolimus has anti-restenotic and/or immunosuppressive properties and as such may prove infringement by Abbott. Plaintiffs claim that such documents, regardless of whether they were shared with Abbott or Giudant, would be relevant to this case and should be produced.

Further, Plaintiffs contend that the Court should not permit Novartis to withhold from its production documents that it shared with Abbott. Plaintiffs claim that they are not seeking to compel a duplicative production of documents already produced by Abbott; however, Plaintiffs also argue that the mere fact that Novartis shared documents with Abbott does not mean that Abbott produced all shared documents to Plaintiffs. In this regard, Plaintiffs note that Abbott may have inspected but not made copies of all documents made available by Novartis. Similarly, Plaintiffs note that even if Abbott obtained certain copies of documents from Novartis, Abbott's copies may have been destroyed or retained but not located and therefore not produced. Consequently, Plaintiffs argue that it would be unfair to permit Novartis to withhold from its production all documents shared with Abbott.

Plaintiffs also claim that their motions to enforce the subpoenas issued to Novartis are timely. In this regard, Plaintiffs claim that Novartis was served with the subpoenas at issue on October 26, 2010 and November 10, 2010 respectively, well within the fact discovery period. Fact discovery closed on January 14, 2011. As a result, Plaintiffs argue that they did not unduly delay in subpoenaing Novartis, but instead, their subpoenas are unquestionably timely. Further, Plaintiffs argue that they did not unduly delay in filing the instant motions to enforce. In this regard, Plaintiffs claim that the motions were not filed until January 7, 2011 because of the lengthy meet and confer process they engaged in with Novartis in an effort to avoid motion

4

practice all together.  Specifically, Plaintiffs argue that they tried, to no avail, to clarify to Novartis that they were not seeking all everolimus related documents but only those limited to the use of everolimus to treat restenosis and the use of everolimus on stents.  As such, Plaintiffs claim that the Court should enforce its subpoenas against Novartis and compel them to produce all documents responsive to the above-referenced four document requests.

Novartis opposes Plaintiffs' motions on several grounds.  First, Novartis argues that Plaintiffs' motions should be denied because they were filed in violation of L.Civ.R. 37.1. Specifically, Novartis claims that the dispute set forth in Plaintiffs motions was not presented to the Court via telephone conference or letter application prior to the motions being filed in violation of L.Civ.R. 37.1(a)(1).  Further Novartis argues that Plaintiffs did not engage in a good faith meet and confer prior to filing the motions in violation of L.Civ.R. 37.1(a)(1) & (b)(1). Similarly, Novartis argues that  Plaintiffs failed to include an affidavit certifying that they met and conferred in good faith with Novartis in an effort to reach agreement on the issues raised in their motions before filing same in violation of L.Civ.R. 37.1(b)(1).

Novartis also argues that Plaintiffs' motions should be denied because they are untimely. In this regard, Novartis claims that Plaintiffs have known since at least 2008 that Novartis developed everolimus and sells it to Abbott for use on Abbott's XIENCE stents.  As a result, Novartis argues that Plaintiffs could and should have sought the discovery covered by the aforementioned discovery requests from Novartis earlier and that the Court should not countenance Plaintiffs' eleventh-hour attempt to obtain this discovery now.

Further, Novartis claims that the Court should limit the discovery sought by Plaintiffs pursuant to FED.R.CIV.P. 26(b)(2)(C).  In this regard, Novartis claims that the discovery sought

by Plaintiffs is overly broad and unduly burdensome as well as irrelevant and unreasonably

duplicative. With respect to over breadth and undue burden, Novartis argues that documents

concerning everolimus relate to many clinical conditions and properties of the drug, very few of

which are relevant to this lawsuit. For example, Novartis argues that documents related to its

products Certican® and Afinitor®, both of which contain the active ingredient everolimus and

which are respectively used as a prophylactic treatment for heart and kidney transplants and to

treat advanced renal cell carcinoma, are not relevant to this litigation. Nevertheless, Novartis

claims that such documents would fall within Plaintiffs' overly broad requests. Novartis argues

that it would be extremely burdensome for it to have to produce its universe of documents

pertaining to everolimus, particularly where the vast majority of those documents have nothing to

do with this case. Novartis claims that this is especially true in light of the fact that Plaintiffs

already have obtained thousands of pages of Novartis documents regarding everolimus, including

its use for restenosis and documents related to its immunosuppressive properties, from Abbott.

Novartis argues that at the very least Plaintiffs should have to provide more specificity regarding

the types of documents they are looking for.

Similarly, Novartis argues that it should not have to produce documents that it did not

share with Abbott. Novartis claims that unshared documents, which would include Novartis's

own independent research efforts, are not relevant to this case. Novartis also claims that

Plaintiffs have not established why the information they already have, which includes thousands

of pages of Novarits documents, is not sufficient.

In addition, Novartis contends that Plaintiffs' document requests are duplicative. In this

regard, Novartis claims that document requests 1-4 significantly overlap with discovery already

6

obtained from Abbott, a defendant in this matter. Indeed, Novartis notes that Plaintiffs' fourth document request specifically seeks duplicative documents (*i.e.*, documents shared with Abbott). In addition, Novartis argues that Plaintiffs' third document requests seeks communications or agreements between Novartis and Abbott despite the fact that Abbott has already produced documents encompassed by this request. Novartis contends that the same can be said for the first two categories of documents sought by Plaintiffs. As a result, Novartis argues that Plaintiffs' motions should be denied.

## II.   Analysis

### A.   Standard of Review

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad. Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery. For example, Rule 26(b)(2)(C) specifically requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Rule 26(b)(2)(C)(i) & (ii). Similarly,

7

pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b). *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681 (AET), 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008). In addition, pursuant to Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the Court has a responsibility to enforce this duty. However, it is the party claiming undue burden that must establish same. *Nye v. Ingersoll Rand Company*, Civ. No. 08-3481 (DRD), 2011 WL 253957, *6 (D.N.J. Jan. 25, 2011); *OMS Investments*, 2008 WL 4952445 at *2.

**B.     Discussion**

Here, Novartis raises several arguments in opposition to Plaintiffs' motion to enforce including Plaintiffs' failure to comply with L.Civ.R. 37.1, timeliness, and arguments that Plaintiffs' subpoenas are overly broad, unduly burdensome, unreasonably duplicative and seek irrelevant information. The Court addresses each of these arguments below.

**1.     Local Civil Rule 37.1**

L.Civ.R. 37.1 provides as follows:

**(a) Conference to Resolve Disputes**

(1) Counsel shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference or letter to the Magistrate Judge. This presentation shall proceed any formal motion.

8

\*\*\*

**(b) Discovery Motions**

> (1) Discovery motions must be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement. The affidavit shall set forth the date and method of communication used in attempting to reach agreement.

Novartis correctly notes that Plaintiffs' motions violate L.Civ.R. 37.1(a)(1) in that they were not preceded by a telephone conference with or a letter sent to the undersigned. Novartis likewise correctly notes that Plaintiffs' motion violate L.Civ.R. 37.1(b)(1) in that it was not accompanied by the required affidavit. Plaintiffs did, however, file the affidavit required by L.Civ.R. 37.1(b)(1) with their Reply Brief.

The Court shall excuse Plaintiffs's failure to comply with L.Civ.R. 37.1 predominantly because the Court is now requiring substantive discovery issues to be filed as formal motions in these cases. As a result, despite their failure to precede the instant motions with a telephone conference or letter application, the Court shall consider the motions as if properly filed. The Court shall similarly accept the affidavit submitted in connection with Plaintiffs' Reply Brief as if it had been filed with Plaintiffs' initial motion papers. Further, while Novartis takes issue with Plaintiffs' efforts to meet and confer, arguing that they were disingenuous with Plaintiffs simply repeating their document requests over and over again, the Court disagrees. Instead, the Court finds that that Plaintiffs made genuine, good faith efforts to confer with Novartis to resolve their dispute without Court intervention. As a result, the Court shall not deny Plaintiffs' motions based on this ground.

9

## 2. Timeliness

Further, the Court finds that Plaintiffs' subpoenas and motions to enforce same are timely. It is "common sense" that in order to be timely discovery requests must be made so that the party served with same has sufficient time to respond within the set fact discovery period. *NE Technologies, Inc. v. Evolving Systems, Inc.*, Civil Action No. 06-6061 (MLC), 2008 WL 4277668, *5 (D.N.J. Sept. 12, 2008) (internal quotation marks and citation omitted); *Brooks v. Johnson & Johnson, Inc.*, Civ. A. No. 88-5010, 1990 WL 92659 *1 (E.D.Pa. June 28, 1990) (stating that "any request for discovery must be made in sufficient time to allow the answering party to respond before the termination of discovery.") Here, the subpoenas were served over two months prior to the close of fact discovery: the subpoenas issued on October 26, 2010 and November 10, 2010 respectively and fact discovery did not close until January 14, 2011. Novartis, therefore, had sufficient time to respond to the subpoenas within the fact discovery period.

As a result, the circumstances presented here are easily distinguishable from those presented in *NE Technologies*, 2008 WL 4277668, and *Tormasi v. Hayman*, Civil Action No. 08-4950 AET), 2010 WL 5478482, where the Court found the discovery requests to be untimely. For example, in *NE Technologies* the Court determined that Plaintiff's discovery requests, which were made a mere 16 days prior to the fact discovery end date were untimely because they did not permit Defendant an opportunity to respond before discovery closed. 2008 WL 4277668 at *6. Similarly, in *Tormasi*, the Court determined that Plaintiff's motion to appoint the U.S. Marshal to serve a subpoena was untimely because the motion was not filed until November 29, 2010 and fact discovery closed on December 16, 2010 and, as such, Plaintiff's request for

10

discovery was not made with sufficient time for Defendants to respond.  2010 WL 5478482 at
*2.

   While Plaintiffs certainly could have subpoenaed Novartis earlier in this litigation, that
does not mean that the subpoenas in dispute here are untimely.  Unlike the discovery requests at
issue in *NE Technologies* and *Tormasi* and contrary to Novartis's description, Plaintiffs'
subpoenas were not issued on the eve of the close of fact discovery.  Instead, Plaintiffs'
subpoenas were issued with sufficient time to permit Novartis to respond to same within the
discovery period.  As a result, the Court finds that the discovery requests contained therein were
timely made.

   Furthermore, the Court finds that Plaintiffs' motions to enforce were timely filed.  While
the Court appreciates that Plaintiffs' motions were not filed until January 5, 2011 and that fact
discovery closed a mere 9 days later, the actual subpoenas were served much earlier.  Moreover,
the Court finds that much of the delay between when the subpoenas were served and when
Plaintiffs' filed the instant motions resulted from the parties efforts to meet and confer to resolve
their dispute concerning the four document requests at issue here.  As a result, the Court finds
that Plaintiffs' motions are timely.

   **3.    Over Breadth, Undue Burden, Relevance, & Duplicative Discovery**

   Novartis also takes issue with the aforementioned document requests arguing that they are
overly broad, unduly burdensome, seek irrelevant discovery and seek duplicative discovery.  In
the first instance, the Court finds that Plaintiffs' document requests are facially overbroad in that
they fail to include a temporal limitation.  The Court shall therefore modify the subpoenas to
include such a limitation.  In this regard, the Court finds that Plaintiffs and Novartis are in the

11

best position to address what temporal limitation is appropriate. The Court therefore instructs Plaintiffs and Novartis to meet and confer either in person or telephonically on this issue no later than **June 17, 2011**. The Court is confident that the parties will be able to reach agreement on the appropriate temporal limitation without Court intervention.

Apart from the lack of an appropriate temporal limitation, the Court finds that Plaintiffs' requests are not overly broad. In this regard, the Court finds that, despite Novartis's arguments to the contrary, Plaintiff's first two documents do not seek to compel the production of Novartis' entire universe of everolimus related documents. Instead, the two document requests are narrowly focused on only those documents "relating to the use or possible use of everolimus to treat restenosis" and "relating to the use or possible use of everolimus on stents." The Court does not see how either of these requests would, for example, require Novartis to produce documents related to the use of everolimus as a prophylactic treatment for kidney transplants or the use of everolimus to treat renal cell carcinoma. As such, the Court finds that the two document requests are not overly broad.

The Court likewise finds that, with one caveat, Plaintiffs' requests for "[a]ll documents constituting or relating to any communication or agreement with Abbott Laboratories, Guidant Corporation, or any of their respective affiliates concerning everolimus" and "[a]ll documents concerning everolimus that were shared with Abbott Laboratories, Guidant Corporation, or any of their respective affiliates" are not overly broad. The caveat being that the Court shall limit these document requests as follows:

12

3.      All documents constituting or relating to any
        communication or agreement with Abbott Laboratories,
        Guidant Corporation, or any of their respective affiliates
        concerning **the use or possible use of everolimus to treat
        restenosis and/or the possible use of everolimus on
        stents.**

4.      All documents concerning **the use or possible use of
        everolimus to treat restenosis and/or the possible use of
        everolimus on stents** that were shared with Abbott
        Laboratories, Guidant Corporation, or any of their
        respective affiliates.

While the Court believes that it is unlikely that Novartis entered into agreements or shared

documents with Abbott or Guidant concerning everolimus that were not related to the use or

possible use of everolimus to treat restenosis and/or the possible use of everolimus on stents, the

Court includes the aforementioned limitations to ensure that the requests seek only relevant

information and are not overly broad.

     With respect to relevance, the Court finds that with the limitations described above,

Plaintiff's documents fall within the broad scope of discovery permitted by Rule 26(b)(1)

because they seek relevant information, *i.e.*, information "reasonably calculated to lead to the

discovery of admissible evidence." The fact that the documents were not shared with Abbott has

no bearing on the fact that the documents may establish that everolimus has anti-restenotic and/or

immunosuppressive properties, two facts central to Plaintiffs' infringement claims. As a result,

to the extent Novartis has documents in its possession, custody or control that fall within the

aforementioned four document requests, such documents must be produced regardless of whether

they were shared with Abbott or Guidant. This is true even if the documents represent Novartis's

own independent research.

13

Novartis also argues that the Court should not enforce Plaintiffs' subpoenas because the disputed requests are duplicative and seek information that can and has been obtained from a more convenient source, namely Abbott.  In this regard, Novartis argues that Plaintiffs' fourth document request which seeks "all documents concerning everolimus that were shared with Abbott Laboratories, Guidant Corporation, or any of their respective affiliates" is duplicative on its face.  Similarly, Novartis claims that Plaintiffs have already received thousands of pages of Novartis documents relevant to the first three document requests from Abbott.

To the extent Plaintiffs seek to compel Novartis to produce documents already produced by Abbott, Plaintiffs' motions to enforce their subpoenas are denied as duplicative.  However, as Plaintiffs' note, the fact that Novartis shared documents with Abbott or Guidant does not mean that Abbott produced same.  Instead, Abbott may never have copied certain documents shared by Novartis or it may have destroyed copied documents and therefore not produced them to Plaintiffs.  Thus, while the Court shall permit Novartis to withhold documents already produced by Abbott to Plaintiffs, it will not permit Novartis to withhold documents simply because Novartis shared same with Abbott or Guidant.

Finally, with respect to Novartis's claim of undue burden, the Court finds that Novartis has not carried its "heavy burden[.]" *OMS Investments*, 2008 WL 4952445 at *2.  In this regard, the court notes that "[b]are allegations of burden will not suffice where the information requested is 'entirely relevant to' the party's claims and the subpoeana is 'appropriately limited.'" *Nye*, 2011 WL 253957 at *6.  Here, Novartis makes only general claims that the subpoeans at issue are unduly burdensome.  Novartis has provided the Court with no information regarding how many documents it believes would fall within the four disputed document requests, how long it

14

would take for Novartis to assemble said documents, how much money it would cost or how complying with the document requests would interfere with Novartis's business operations. As modified the document requests are not facially overbroad nor do they seek irrelevant information or information more readily obtainable from other sources. Consequently, Novartis's bare claims of undue burden are simply insufficient. As a result, the Court shall compel Novartis to fully respond to the four modified document requests no later than **June 30, 2011**.

### III.    Conclusion

For the reasons set forth above, Plaintiffs' motions to enforce their subponeas as modified herein are GRANTED. An appropriate Order follow.

Dated: June 13, 2011

**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**